**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4640**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSHUA WRIGHT,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (7:18-cr-00173-FL-1)

Submitted: June 29, 2020                    Decided: July 9, 2020

Before DIAZ, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Evan M. Rikhye, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Ryan Wright pleaded guilty to distribution of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2018). The district court sentenced Wright to 151 months' imprisonment, a sentence at the low end of the advisory Sentencing Guidelines range. On appeal, Wright argues that the sentence is procedurally and substantively unreasonable. For the following reasons, we affirm.

We review criminal sentences for reasonableness "under a deferential abuse-of-discretion standard." *United States v. Lynn*, 912 F.3d 212, 216 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 140 S. Ct. 86 (2019). In conducting this review, we must first determine whether a sentence is procedurally reasonable. *United States v. Provance*, 944 F.3d. 213, 218 (4th Cir. 2019). "In determining procedural reasonableness, we consider, among other things, whether the [district] court . . . sufficiently explained the selected sentence." *Lynn*, 912 F.3d at 216. "The sentencing judge should set forth enough to satisfy the appellate court that [s]he has considered the parties' arguments and has a reasoned basis for exercising [her] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). Accordingly, the court "must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why [s]he has rejected those arguments." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir.), *cert. denied*, 140 S. Ct. 206 (2019). However, "[w]here a sentencing court hears a defendant's arguments and engages with them at a hearing, we may infer from that discussion that specific attention has been given to those arguments." *United States v. Nance*, 957 F.3d

2

204, 213 (4th Cir. 2020).  Based on our review of the record, we conclude that Wright's sentence is procedurally reasonable.

Moving to substantive reasonableness, "we look to the totality of the circumstances to determine whether the district court abused its discretion in applying the standards set out in [18 U.S.C. §] 3553(a) [(2018)]."  *United States v. Bollinger*, 798 F.3d 201, 221 (4th Cir. 2015).  We presume a within-Guidelines sentence is substantively reasonable, and that presumption "can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors."  *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).  However, a sentence may also be "substantively unreasonable if the court relies on an improper factor."  *United States v. Montes-Pineda*, 445 F.3d 375, 378 (4th Cir. 2006) (internal quotation marks omitted).  We have reviewed the record on this point and conclude that Wright's sentence is also substantively reasonable.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*